IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUTH SAKE,<br><br>                Plaintiff,<br><br>vs.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign corporation;<br><br>                Defendant. | 8:16CV423<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Partial Motion to Dismiss, ECF No. 22, filed by Defendant Prudential Insurance Company of America ("Prudential"). For the reasons stated below, the Motion will be granted.

## BACKGROUND

The following facts are those alleged in the Amended Complaint, ECF No. 19, and assumed true for purposes of the Motion to Dismiss. Richard Sake, husband to Plaintiff Ruth Sake, was killed in a motor vehicle accident on March 10, 2015. *Id.* ¶¶ 1 & 7, Page ID 209 & 210. At the time of the accident, Richard Sake had an insurance policy that included Accidental Death Benefits. *Id.* ¶ 4, Page ID 210. The policy was issued through Richard Sake's employer, Diesel Power Equipment Company, and insured by Prudential. *Id.* Ruth Sake was the beneficiary of the insurance policy. *Id.* ¶ 5, Page ID 210.

On or about March 17, 2015, Ruth Sake submitted a claim to Prudential for the Accidental Death Benefits in an amount totaling $25,000. *Id.* ¶ 8, Page ID 210. Prudential denied the claim on May 4, 2015. *Id.* On May 6, 2016, Ruth Sake filed an

action against Prudential in the District Court of Douglas County, Nebraska, seeking the denied benefits. *See* ECF No. 1-1, Page ID 10–12. Prudential removed the action to this Court on September 8, 2016, pursuant to Sections 1331, 1441, and 1146 of the Employee Retirement Income Security Act of 1974 ("ERISA"). ECF No. 1, Page ID 1–5. Ruth Sake amended her Complaint on November 29, 2016, asserting two claims: Claim I for breach of contract and Claim II for "Bad Faith" and a "breach of good faith and fair dealing." ECF No. 19, Page ID 210–11. Both claims sought "general" and "special" damages, as well as other relief. *Id.* Prudential filed its Partial Motion to Dismiss on December 16, 2016, seeking dismissal of Ruth Sake's claim for breach of good faith, and her request for special damages under both Claims I & II. *See* ECF No. 22. Ruth Sake did not respond to the Motion.[1]

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] Although Ruth Sake did not respond to the Motion, Prudential filed a reply brief, ECF No. 29, on January 30, 2017. Because NECivR 7.1(c) allows for the filing of a reply brief "after the opposing party files . . . [an] opposing brief" and restricts the reply brief to "address[ing] . . . issues raised in the opposing brief," the Court will not consider Prudential's reply brief.

2

statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Prudential argues that Claim II should be dismissed because if it is construed under state law, the claim is preempted, and if it is construed as a federal claim for

breach of fiduciary duty, it is not actionable under ERISA.  Claim II does not cite any specific state or federal laws that underlie its allegations of bad faith and breach of the duty of good faith and fair dealing.  Prudential concedes that Claim I effectively states a claim for denial of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B).[2]  Thus, the only question is whether Claim II is preempted.

ERISA preempts state law insofar as it "relate[s] to any employee benefit plan . . . ." 29 U.S.C. § 1144(a).  "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65–66 (1987)).  "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  *Davila*, 542 U.S. at 209 (citing *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 143–45 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54–56 (1987)).

To determine whether a state law claim is preempted under ERISA, courts consider three factors: "(1) was the plan at issue an 'employee benefit plan,' (2) if so, does the plan fall under ERISA's safe harbor exemption, and (3) if not, are [the plaintiff's] claims preempted by ERISA?"  *Ibson v. United Healthcare Servs., Inc.*, 776 F.3d 941, 944 (8th Cir. 2014), *cert. denied,* 135 S. Ct. 2351 (2015).  To determine

---

[2] 29 U.S.C. § 1132(a)(1)(B) allows for a civil action to be brought by a beneficiary "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan . . . ."

4

whether a cause of action falls "within the scope" of ERISA preemption, courts must examine the complaint, the law upon which the claim is based, and the relevant plan documents. *Davila*, 542 U.S. at 211.

The parties agree that the insurance policy at issue qualifies as an ERISA plan, and there appears to be no contention that the policy falls under ERISA's safe harbor provision.[3] The Amended Complaint alleges that Prudential failed to pay the benefits due to Ruth Sake. In *Davila*, the Supreme Court held that the plaintiff's claim was preempted because "the only action complained of" was the failure of an ERISA plan administrator to pay benefits under the ERISA plan. 542 U.S. at 211. Similarly, the Eighth Circuit held in *Ibson* that state-law claims for breach of contract, negligence, and bad faith were preempted by ERISA where the essence of the plaintiff's claim was that a plan administrator should have paid benefits under an ERISA plan but failed to do so. 776 F.3d at 945. Such is the case here. Consequently, Claim II is preempted.

The result would be the same even if the Court were to construe Claim II as a breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3).[4] "Where a plaintiff is provided adequate relief by the right to bring a claim for benefits under § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under

---

[3] Some group insurance programs offered to employees are exempted from ERISA under the safe harbor provision. *See Ibson*, 776 F.3d at 944 (citing 29 C.F.R. § 2510.3–1(j)). To fall under the safe harbor exemption, the program must meet four criteria: "(1) [n]o contributions are made by an employer or employee organization; (2) [p]articipation in the program is completely voluntary for employees or members; (3) [t]he sole functions of the employer . . . with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and (4) [t]he employer . . . receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services." 29 C.F.R. § 2510.3-1(j); *see also Ibson*, 776 F.3d at 945.

[4] 29 U.S.C. § 1132(a)(3) allows for a civil action to be brought "by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief . . . to enforce . . . the terms of the plan . . . ."

5

§ 1132(a)(3)(B)." *Pilger v. Sweeney*, 725 F.3d 922, 927 (8th Cir. 2013) (quoting *Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006)); *see Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). Because Claim I qualifies as a denial of benefits claim under Section 1132(a)(1)(B), Ruth Sake cannot seek additional relief under Section 1132(a)(3).

Prudential also asks this Court to dismiss Ruth Sake's request for "special damages." *See* ECF 19, Page ID 211; ECF 23, Page ID 323. The only damages Ruth Sake stated with particularity in her Amended Complaint were $25,000 allegedly due under the policy. *See* Amend. Comp. ¶ 13, ECF 19, Page ID 211. Because her claim is limited to Section 1132(a)(1)(B), *i.e.*, the benefits owed to her under the policy, her recovery cannot exceed the amount of the policy.[5] Therefore, to the extent "special damages" constitute damages beyond what is due under the policy, Sake is precluded from seeking them.

For the reasons stated above, the Partial Motion to Dismiss will be granted. Accordingly,

IT IS ORDERED:

1. Defendant Prudential Insurance Company of America's Partial Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 22, is granted;

2. The Second Cause of Action in Plaintiff Ruth Sake's Amended Complaint ¶¶14–18, ECF No. 19, Page ID 211–12, is dismissed; and

3. Plaintiff Ruth Sake's claims for special damages in excess of the amount allegedly due under the insurance policy described in Plaintiff's Amended Complaint ¶ 4, ECF No. 19, Page ID 210, are dismissed.

---

[5] Prudential has not raised, and this Order does not reach, the issue of the potential availability of attorney's fees and costs.

Dated this 6th day of February, 2017.

                                          BY THE COURT:

                                          s/Laurie Smith Camp
                                          Chief United States District Judge